UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA

FILED
2011 JUL 11  PM 2: 18
US DISTRICT COURT
MIDDLE DISTRICT OF
[FLORIDA]

| | |
|---|---|
| ROSARIO REYES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | COMPLAINT FOR AUTOMOBILE NEGLIGENCE |
| ) | Civil Action No. 6:11-cv-1135-ORL-31-GJK |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant(s) ) | |

## COMPLAINT FOR AUTOMOBILE NEGLIGENCE

Plaintiff, **ROSARIO REYES**, brings this action against the Defendant, **UNITED STATES OF AMERICA**, and states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that this civil action arises under the law of the United States, in particular, the provisions of the Federal Tort Claims Act (FTCA) 28 U.S.C. §1402(b).

2. Venue is proper in the United States Disctrict Court for the Middle District of Florida pursuant to 28 U.S.C. § 1402(b) in that the event giving rise to the claim occurred within this jurisdial district, specifically, a motor vehicle crash which occurred at John Young Parkway at or near S.R. 528, Orlando, Orange County, Florida. Further, the Defendant, **UNITED STATES OF AMERICA**, owned a motor vehicle caused to be operated by **CHRISTINE CHURCH** at that time and place. Further the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Plaintiff's administrative claim form was submitted within two (2) years of the crash that caused Plaintiff's injuries and damages. Said administrative claim was left without action for six (6) months, permitting this suit to be instituted without final action on the claim (§ 2675).

4. The causes of action stated herein are subject to the provision of the Federal Tort Claims Act and Plaintiff has filed a timely claim with the United States Department of Homeland Security, 7701 N Stemmons Freeway, Dallas, Texas 75247; as well as to the Office of the Principal Legal Advisor, Department of Homeland Security, Attn: Rebecca Higgins Hunt, 188 Harvest Lane, Williston, VT 05495; the employee/driver of the vehicle owned by the United States of America by Certified First Class US Mail, Return Receipt Requested to: Christine Church, Christine Church, 9403 Tradeport Drive, Orlando, FL 32827; U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, ; Robert E. O'Neil, US Attorney for the Middle District of Florida, 501 W. Church Street, Suite 300, Orlando, Florida 32805; and to: DHS/ICE Krome Center, 18201 S.W. 12th Street, Miami, FL 33194; and further alleges that these timely claims were filed in accordance with the provisions of 28 U.S.C. § 1346. Said claim was rejected by operation of law for the failure to accept or deny the claim within the staturily prescribed time periods. This complaint has been filed in a timely manner and after due notice to the governmental agency owning the motor vehicle herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Upon information and belief, the Plaintiff, **ROSARIO REYES**; alleges that at all times material hereto, the Defendant, **UNITED STATES OF AMERICA**, owned a 2003 Chevrolet motor vehicle, vehicle identification number 1GNEC13793R301821 with vehicle license plate number W29XPD.

6. On or about August 2, 2007, the motor vehicle as referenced in the paragraph above was operated by **CHRISTINE CHURCH**, with the consent, knowledge and permission of the owner of said motor vehicle, **UNITED STATES OF AMERICA**.

7. On or about August 2, 2007, at approximately 5:35PM, the Plaintiff, Rosario Reyes, was a restrained passenger in an automobile near the intersection of John Young Parkway and State Road 528.

8. At that time and place, the motor vehicle owned by Defendant, **UNITED STATES OF AMERICA**, was operated by Christine Church with the knowledge, consent, and permission of said Defendant, collided with the vehicle carrying Plaintiff, **ROSARIO REYES**.

9. Upon information and belief, Plaintiff, **ROSARIO REYES**, asserts that **CHRISTINE CHURCH** was also acting within the course and scope of employment with the Defendant, **UNITED STATES OF AMERICA**, and acting within the scope of that employment and agency.

## COUNT ONE

10. Plaintiff, **ROSARIO REYES**, refers to and herein incorporates paragraphs 1 through 8 inclusive of this Complaint as if fully set forth.

11. The motor vehicle owned by the Defendant, **UNITED STATES OF AMERICA**, and driven by an individual with the knowledge, consent, and permission of said Defendant was negligently operated, maintained, and controlled so that it came into a collision with the Plaintiff, **ROSARIO REYES**, causing her personal injuries.

12. As a direct result of the negligence of the Defendant in the operation of the motor vehicle involved, the Plaintiff, **ROSARIO REYES**, was injured in and about her body and extremities, suffered pain therefrom, was caused to seek medical attention for her injuries, incurred medical charges for those injuries, will incur medical bills in the future, will suffer all damages recognized by the State of Florida concerning motor vehicle crashes, and will suffer all damages contemplated by Florida law on a permanent and continuing basis. The Plaintiff has also lost the capacity to earn wages, both in the present and in the future.

**WHEREFORE**, Plaintiff, **ROSARIO REYES**, prays for judgment as follows:

For compensatory damages in the amount of $100,000 incurred as a result of the negligent acts committed by the Defendants; the costs of this action; and all other relief that this Court considers proper under the circumstances.

Date: June 20, 2011

JULIO C. MARTINEZ, JR.
Florida Bar No.: 0603181
FLAVIA MARCUS
Florida Bar No.: 0056291
Martinez, Manglardi
903 N. Main Street
Kissimmee, FL  34744
(407) 846-2240
(407) 847-2820 Facsimile